# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KOVET SIMPSON, | : | |
| --- | --- | --- |
| | : | |
| Petitioner, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-1788 |
| JOHN WETZEL, et al., | : | |
| | : | |
| Respondents. | : | |

## O R D E R

**AND NOW,** this 19th day of September, 2017, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the Commonwealth's Response, and after review of the thorough and well-reasoned Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells, **IT IS HEREBY ORDERED** that:

    1.    Upon *de novo* review, petitioner's objection is **OVERRULED**;[1]

---

[1] After a *de novo* review, I find that Petitioner Kovet Simpson's Objection to the Report and Recommendation does not have merit. Judge Wells correctly found that the petitioner's claim for habeas relief is procedurally defaulted and that the petitioner has not established cause and prejudice, as required by federal law to overcome procedural default and allow a federal court to decide a claim on its merits.

    On April 18, 2017, Simpson brought his counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On July 25, 2017, United States Magistrate Judge Carol Sandra Moore Wells issued a Report and Recommendation, recommending that the Petition be dismissed. Simpson filed his Objection on July 27, 2017. With respect to Judge Wells's Report and Recommendation, I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2012). For the following reasons, I will overrule the petitioner's Objection, approve and adopt the Report and Recommendation, and dismiss the Petition with prejudice.

    As the Report and Recommendation explains in greater depth, a habeas petitioner must exhaust state court remedies before a federal court may evaluate his claim on its merits. Id. § 2254(b)(1)(A). However, if a state court has declined to hear a petitioner's case because the petitioner did not comply with a state rule of procedure, that claim is deemed procedurally defaulted, and a federal court may not hear it. See Harris v. Reed, 489 U.S. 255, 262–63 (1989). A petitioner can overcome this procedural default, and a federal court may then rule on the merits of the claim, only when a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

    Simpson argues in his Objection that his "mental deficiencies, coupled with improper advice from post-

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DISMISSED** with prejudice;

4. There is no probable cause to issue a certificate of appealability;

5. The Clerk of Court is directed to mark this case **CLOSED** for all purposes.

BY THE COURT

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, C.J.

---

conviction counsel, establishes [sic] both cause and prejudice, which excuses any default." (Petitioner's Obj. to the R. & R. 1, ECF No. 7). Simpson does not dispute Judge Wells's conclusion that his claim is procedurally defaulted. (R. & R. 8, ECF No. 6). To form the basis of the argument in his Objection, the petitioner reemphasizes relevant portions of his substantive claim for habeas relief, originally presented in his Petition (Petitioner's Mem. in Supp. of the Pet. for a Writ of Habeas Corpus 6–13, ECF No. 1-1); repackages those grounds for relief as "cause" to overcome procedural default; and adds supplemental case law, Hull v. Freeman, 991 F.2d 86 (3d Cir. 1993), to which he analogizes his case and by which he argues that he has established "cause."

However, Hull does not provide the basis for support that Simpson asserts. In Hull, the Third Circuit explicitly found that post-conviction counsel's missteps in that case *did not* constitute "cause" under federal law. Id. at 88. The petitioner mischaracterizes Hull when he states: "In that case the petitioner averred that he was 'illiterate and had been diagnosed as borderline mentally retarded,' and combined with allegations that he had received generally inadequate post-conviction counsel, he had demonstrated at least a 'colorable' claim for *cause*." (Petitioner's Obj. 3 (emphasis added)). The petitioner's confusion likely stems from the following statement in Hull: "[W]e believe Hull's mental deficiencies, combined with post-conviction counsel's failure to file the appeal and failure to notify Hull until after the deadline passed, create a *colorable claim for waiver under Pennsylvania law*." 991 F.2d at 91 (emphasis added). Hull held that "where a petitioner has raised a *colorable claim for waiver of procedural default under state law*, we should dismiss his habeas petition without prejudice so he can assert this claim in state court." Id. (emphasis added). In other words, Hull held that a federal court could not review the petitioner's claim on its merits unless a Pennsylvania court decided to waive the state procedural default. Id. at 88. ("Because we believe this is a colorable claim, we will vacate the district court's order denying Hull's petition and direct that court to enter an order dismissing Hull's petition without prejudice to enable him to file a state post-conviction petition asserting this claim."). Neither the facts nor the request for relief in Simpson's case is analogous to Hull.

For the above reasons, I agree with Judge Wells's assessment that the petitioner "has not advanced any cause and prejudice to excuse his default." I am therefore overruling the petitioner's Objection, approving and adopting the Report and Recommendation, and dismissing the Petition with prejudice.